UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SONJI QUICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-4113-SLD-JEH |
| | ) |
| TRINITY MEDICAL CENTER, | ) |
| an Illinois Corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Plaintiff Sonji Quick alleges that Defendant Trinity Medical Center ("Trinity") discriminated against her because of her race.  Quick was employed by Trinity from November, 2004, until November 21, 2011.  Quick claims that beginning in the spring of 2011, Trinity treated Quick differently from similarly situated Caucasian employees and she was ultimately terminated on November 21, 2011.  Quick, through an amended complaint, seeks compensatory and punitive damages under 42 U.S.C. §§ 1981, and 1981a.  Am. Compl., ECF No. 7.  Trinity, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, seeks to dismiss Quick's Amended Complaint.  For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Trinity's Motion to Dismiss the Amended Complaint, ECF No. 8.

## BACKGROUND

At the motion to dismiss stage, well-pleaded facts alleged in the complaint are taken as true and all inferences are drawn in favor of the plaintiff.  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).  Accordingly, the Court rests its decision on the following factual allegations:

1

Quick was employed by Trinity as a cleaning technician from November 2004, to November 21, 2011. Am. Compl. ¶ 4, ECF No. 7. Trinity is a non-profit corporation which operates medical centers and a hospital in Rock Island, Illinois. *Id.* ¶ 2. Quick is African-American. *Id.* ¶ 1. Quick alleges that in the spring of 2011, Trinity demoted her from the position of charge cleaning technician and began to improperly scrutinize her work when compared to similarly situated Caucasian employees. *Id.* ¶ 4. In addition, Quick's supervisors, Ross Dickerhoof and Lisa Kline, falsely accused her of stealing a laptop computer and requested that other employees spy on her. *Id.* ¶ 5. On May 3, 2011, Quick was placed on a Step 3 final warning for deficiencies in her performance without having been previously placed on less severe corrective action. *Id.* ¶ 6. On November 8, 2011, Quick's supervisors and Trinity's Human Resource Manager, Elizabeth Schwartz, met with Quick to set forth additional concerns about her performance which, according to Quick, were pretextual. *Id.* According to Quick, no further performance deficiencies were identified between November 8, 2011, and her termination date of November 21, 2011. *Id.* ¶ 7.

Quick filed her initial Complaint on November 21, 2013. ECF No. 1-1. She filed an Amended Complaint, ECF No. 7, in response to Trinity's December 23, 2013 Motion to Dismiss, ECF No. 2. On March 10, 2014, Trinity filed the Motion to Dismiss the Amended Complaint presently before the Court. ECF No. 8.

## DISCUSSION

### I. Legal Framework

Trinity argues that it is only seeking dismissal of Quick's claims relative to 42 U.S.C. "§ 1981(a)." Mot. Dismiss Am. Compl., ECF No. 8. Trinity argues that because Quick did not file a complaint with the Equal Employment Opportunity Commission ("EEOC"), she has not

exhausted her administrative remedies and is therefore barred from seeking relief in district court. In the Seventh Circuit, a failure to exhaust administrative remedies is "not a jurisdictional flaw," but "simply a condition precedent to bringing an action in federal court." *Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000). The failure to exhaust administrative remedies functions like a statute of limitations in that both are subject to equitable defenses. *Id.*

## II.     Section 1981a Claim

Because of the parentheses around "a" in Trinity's motion, it is unclear whether Trinity seeks the dismissal of Quick's 42 U.S.C. § 1981a claim in paragraph 3 of the Amended Complaint or the entirety of Quick's § 1981 action. Quick states in her brief that she does not object to striking or dismissing "42 U.S.C. § 1981a" from paragraph 3 of the Amended Complaint. Resp. to Mot. Dismiss Am. Compl. 4, ECF No. 9. As Quick does not oppose the dismissal of that claim, Trinity's motion to dismiss 42 U.S.C. § 1981a is granted.

## III.    Section 1981 Claim

To the extent Trinity seeks to dismiss the entirety of Quick's § 1981 claim its motion is denied. Trinity seeks to revive its original Motion to Dismiss and Memorandum in Support as grounds for the dismissal of the § 1981 claim. Mot. Dismiss Am. Compl. 7, ECF No. 8. In that motion, Trinity argued that Quick's complaint should be dismissed because 42 U.S.C § 2000e-5(f) requires an aggrieved party alleging race discrimination in civil court under Title VII of the Civil Rights Act ("Title VII") to first file a complaint or claim with the EEOC, and Quick has not done so. In response, Quick filed an amended complaint which sought relief under § 1981. Unlike Title VII, § 1981 does not require that an aggrieved party exhaust his or her administrative remedies before a civil action can proceed. *See Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir. 2007) (holding that whether a plaintiff exhausted her Title VII claims

3

is immaterial because § 1981 does not require a plaintiff to bring an EEOC charge before filing a claim in federal court). Accordingly, Trinity's Motion to Dismiss Quick's claim under 42 U.S.C. § 1981 is denied.

## CONCLUSION

For the foregoing reasons, Trinity's Motion to Dismiss, ECF No. 8 is GRANTED IN PART and DENIED IN PART.

Entered this 24th day of July, 2014.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE